IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN THOMAS, | : | 3:CV-04-1137 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| ROBERT J. CONWAY, ET AL. | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**July 21, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court are a plethora of Motions to Dismiss filed by various defendants in this action, as well as a Motion to Amend the Complaint filed by Plaintiff ("Plaintiff" or "Thomas"), a Motion to Vacate filed by Plaintiff, and a Motion to Vacate, Motion for a Bill of Particulars, and Motion for a Change of Venue also filed by the Plaintiff, as well as Two Precautionary Motions to Dismiss filed by Mark Fetzko.

For the reasons that follow, we will grant Plaintiff's Motion to Amend, grant the various Motions to Dismiss, and grant in part the Two Precautionary Motions to Dismiss.

1

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

The plaintiff in the above-captioned action, proceeding *pro se*, filed a complaint in the United States District Court for the Middle District of Pennsylvania against more than *twenty* named defendants on May 24, 2004 asserting claims for violation of the Racketeer Influenced & Corrupt Organizational Act ("RICO"), invasion of privacy, intentional infliction of emotional distress, interference with church and religious relations, civil conspiracy, and deprivation of civil rights. (See Rec. Doc. 1).

Thomas names the following as defendants in this action: the Commonwealth of Pennsylvania; the Pennsylvania Department of Transportation; the Pennsylvania Department of General Service; Bureau of Risk & Insurance Management, Employee Liability Self Insurance Program; and Terrance Edwards (collectively "the Commonwealth Defendants"). Thomas also names the Honorable Robert Conway; the Honorable Carl W. Smith; the Honorable Patricia Robinson; the Judicial Conduct Board; the Supreme Court of Pennsylvania; Administrative Office of Pennsylvania Courts; Wayne County; Pennsylvania County Risk Pool Insurance; Welch & Welch Associates, Inc.; Tunkhannock Borough Police Officers Robert Roberts, Joshua D. Miller, and Roger Hardy; and Wyoming County and the following Wyoming County departments and officials: Constable Mark E. Fetzko,

the Sheriff's Department, Sheriff Richard Montross, Prothonotary Paulette Burnside, the District Attorney's Office, District Attorney George Skumanick, and Assistant District Attorney Gerald Idec.

This case was originally assigned to Chief Judge Thomas I. Vanaskie.  By order of July 13, 2004, the actions docketed to 3:CV-04-1137 and 3:CV-04-1375 were consolidated.  In an August 31, 2004 Order, Chief Judge Vanaskie granted Plaintiff's Motion for Recusal and directed the Clerk of Court to assign this consolidated matter to another judge.  (See Rec. Doc. 20).  On August 31, 2004, this case was reassigned to Judge James M. Munley.  By order of February 2, 2005, Judge Munley likewise recused himself from the above-captioned case and directed the Clerk of Court to assign this matter to another judge.  On February 3, 2005, the case sub judice was assigned to the undersigned.  Plaintiff filed a Notice of Appeal on February 3, 2005 which the Third Circuit Court of Appeals dismissed for lack of appellate jurisdiction on May 31, 2005.  (See Rec. Doc. 34).

The various motions filed in this case are ripe for disposition and we will address them in turn.

**STANDARD OF REVIEW:**

Regarding Plaintiff's Motion to Amend, Federal Rule of Civil Procedure

15(a) provides that "leave to amend shall be freely given when justice so requires."[1] Fed.R.Civ.P. 15(a).  Our Court of Appeals for the Third Circuit has explained that leave to amend should be granted liberally; only in circumstances in which a "plaintiff's delay in seeking amendment is undue, made in bad faith, prejudicial to the opposing party, or [the amendment] fails to cure the jurisdictional defect," would a denial of leave to amend be properly entered.  Alvin v. Suzuki, 227 F.3d 107, 121(3d Cir. 2000)(quoting Berkshire Fashions, Inc., M.V. Hauksan II, 954 F.2d 874, 886(3d Cir. 1992)) (additional citations omitted).  In addition to the foregoing, leave to amend may be denied if amendment would be futile.  Id. (*citing* Smith v. NCAA, 139 F.3d 180, 190(3d Cir. 1998), *rev'd on other grounds*, 525 U.S. 459(1999)).  "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be

---

[1]Federal Rule of Civil Procedure 15(a) provides as follows:
(a) Amendments.  A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.  Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.  A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.


granted." Id. (citing Berkshire Fashions, 954 F.2d at 886).

Additionally, in considering a motion to dismiss, a court must accept the veracity of a plaintiff's allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d 310 (3d Cir. 1986).

**DISCUSSION:**

After a careful review and comparison of Plaintiff's Complaint to his Amended Complaint, we find that the substance of the Amended Complaint is very similar, if not identical, to his previously filed Complaint; however, in his Amended Complaint, he added the following language: "All people, persons are sued in their individual, personal, private, professional, administrative & judicial capacities," next

to the caption. We note that paragraph 8 of the Complaint and Amended Complaint essentially states that same information. The only other apparent addition to the Amended Complaint was that additional named Defendants were added; however, several, if not all, of the added Defendants were listed under the heading "Defendants" in Plaintiff's previously filed Complaint. (See Cmplt. at ¶¶ 9.1-9.6).

We therefore find that in the interest of justice and pursuant to Federal Rule 15(a), Plaintiff's Motion to Amend will be granted. We will as a result consider the substance of Plaintiff's Amended Complaint for purposes of this narrative.

As we previously noted, in his Amended Complaint, Plaintiff advances numerous federal and state law claims, including: (1) 42 U.S.C. § 1983; (2) the unauthorized practice of law in violation of 42 Pa. Cons. Stat. Ann. § 2524; (3) invasion of privacy; (4) intentional infliction of emotional distress; and (5) civil conspiracy. Plaintiff's complaint in this action cites to various cases and snippets of legal propositions typed in varying fonts; however, it is difficult to decipher the facts underlying Plaintiff's claim. We note that in Chief Judge Vanaskie's August 31, 2004 Order, he explained that this case appears to have arisen from a traffic stop that led to Plaintiff's incarceration. (See Rec Doc. 20 at 1). Plaintiff alleges that the state court proceedings that presumably resulted in his incarceration were

motivated by bad faith and harassment. Plaintiff also contends that he was denied a fair and impartial hearing. Moreover, as Chief Judge Vanaskie further states, Plaintiff also asserts that Judge Conway allowed police officers Robert Roberts, R. Hardy, and J. Miller to engage in the unauthorized practice of law. Id. We are in agreement with Chief Judge Vanaskie's assessment that Plaintiff further alleges that essentially everyone involved in the legal system has conspired to deny him his rights. Id.

We will address Plaintiff's various claims in turn.

**A.     Civil RICO Claim**

As the Commonwealth Defendants submit, when bringing a civil RICO claim pursuant to 18 U.S.C. § 1961, *et seq.*, "a plaintiff must plead and prove the following elements: (1) the conducting of (2) an enterprise affecting interstate commerce (3) through a pattern of (4) racketeering activity." McHale v. NuEnergy Group, 2002 WL 321797, *3 (E.D. Pa. 2002) (citing Sedima v. Imrex Co., Inc., 473 U.S. 479, 494 (1985)).

After a careful review of Plaintiff's Amended Complaint, we are in agreement with the Commonwealth Defendants that although Plaintiff devotes several pages to his civil RICO claim and makes general allegations and conclusions of law, he never identifies facts that would support the specific elements of his claim.

Moreover, Plaintiff's Amended Complaint fails to allege even a single predicate act on the part of any named defendant, except to incorporate the following vague statement apparently as against all named defendants, "By the conduct described in the Complaint & claim, Defendants did (i) knowingly used [sic] intimidation, threats & denial of due process & fraud, and misleading conduct toward the Plaintiff with the intent to prevent the testimony of the Plaintiff, (ii) hinder and prevent communication (iii) intentionally harassed Plaintiff, which by their magnitude constitute a predicate RICO act under Title 18 U.S.C. § 1961(1)(A)."  (See Cmplt. at ¶ 18).

Having failed to allege any predicate acts, it is clear that Plaintiff cannot prevail on his RICO claim against any named defendant because he cannot possibly prove a "pattern of racketeering activity." See Rec. Doc. 22 at 9; Citizens Sav. Asso. v. Franciscus, 656 F.Supp. 153, 160 (M.D. Pa. 1986)("In order to sustain a RICO claim, a plaintiff must present proof that *each* defendant was in some manner involved in the performance of the requisite predicate acts.").  For this reason, the Amended Complaint fails to state a civil RICO claim against any of the named defendants and shall be dismissed pursuant to Federal Rule 12(b)(6).

### B.     Invasion of Privacy, Intentional Infliction of Emotion Distress, Interference with Church and Religious Relations Claims

In each Motion to Dismiss before the Court, the individual named Defendants argue that Plaintiff's state law claims for invasion of privacy, intentional infliction of emotion distress ("IIED"), and interference with church and religious relations fail to state a claim upon which relief can be granted and should therefore be dismissed.

Thomas alleges in the Amended Complaint that "Defendants" invaded his privacy, intentionally inflicted emotional distress, and interfered with his church and religious relations, without a single reference to an individual named Defendant. (See Cmplt. at ¶¶ 23-52.1).  The Amended Complaint utterly fails to specifically allege any facts in support of Plaintiff's afore-mentioned claims and fails to specifically allege how any of the named Defendants violated the claims delineated above.  We therefore conclude that Plaintiff's complaint has failed to state a claim upon which relief can be granted pursuant to Federal Rule 12(b)(6) with regard to his invasion of privacy, IIED, and interference with church and religious relations claims.  These claims will be dismissed.[2]

---

[2] Although the Motions to Dismiss pending before the Court address immunity and various other defenses allegedly barring Plaintiff's afore-mentioned claims, it is not necessary to reach them as Plaintiff's complaint fails to state a claim upon which relief can be granted under Federal Rule 12(b)(6). (See Rec. Docs. 14, 16, 26).

**C.     Claims Brought Pursuant to 41 U.S.C. §§ 1983, 1985, and 1986**

Plaintiff has also asserted alleged civil rights violations in his Amended Complaint pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. (See Am. Cmplt. at ¶¶ 38-47). As Plaintiff has alleged claims against all named Defendants in their official and individual capacities, we will address these allegations in turn.

**1.     Claims Brought Pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 Against Defendants in their Official Capacity**

To state a claim under § 1983, Plaintiff must allege a deprivation of a right secured by the Constitution or laws of the United States and that the acts which allegedly constituted such deprivation occurred under color of state law. See Lugar v. Edmondson, 457 U.S. 922, 931 (1982). In this case, Plaintiff alleges that the named Defendants violated his due process and equal protection rights guaranteed by the Fourteenth Amendment. Additionally, Plaintiff asserts the following: "The Defendants under color of law deprived the Plaintiff...the right to required and sufficient Notice, the right to a Hearing with proper notice, the right to an Impartial Tribunal, the right to FULLY Confront and Cross-Examine, the substantive and procedural right to Access to the Court and other rights under state & federal law." (See Am. Cmplt. at ¶ 43). Plaintiff, however, has failed to state a claim under 42 U.S.C. §§ 1983, 1985, and 1986 for the reasons that follow.

The Commonwealth Defendants accurately submit that the Supreme Court has held that "States are not 'persons' within the meaning of § 1983 and, therefore, cannot be among those held liable for violations of the civil rights statute." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 697 (3d Cir. 1996)(citing Will v. Michigan Dept. of State Police, 491 U.S. 58, 65-66 (1989)("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."). Additionally in Will, the Supreme Court held that state agencies and officials acting in their official capacity are not "persons" under § 1983. Will, 491 U.S. at 70-71. Moreover, the same proposition is true with respect to claims asserted against state agencies and officials in their official capacity brought pursuant to 42 U.S.C. §§ 1985 and 1986, as submitted by the Commonwealth Defendants. Rode v. Dellarciprete, 617 F.Supp. 721, 723 n.2 (M.D. Pa. 1985)(citing Quern v. Jordan, 440 U.S. 332 (1979)); Demarco v. Dept. of Corrections, 1999 WL 997751, at *4 (E.D. Pa. 1999)(citing Germain v. Pa. Liquor Control Bd., 1999 WL 79500, at *4 (E.D. Pa. 1999); Walter J. Mintz, Inc. v. State of Pa., 1999 WL 387037, at *2 (E.D. Pa. 1999).

Given that the Commonwealth, its agencies, and officials acting in their official capacity do not fall within the definition of "person" and therefore cannot

be sued pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, the Amended Complaint fails to state 42U.S.C. §§ 1983, 1985, and 1986 claims upon which relief can be granted as to the Commonwealth Defendants and all other named Defendants that fall within the afore-mentioned categories.

### 2. Claims Brought Pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 Against Defendants in their Individual Capacity

As we previously explained, to state a claim under § 1983, Plaintiff must allege a deprivation of a right secured by the Constitution or laws of the United States and that the acts which allegedly constituted such deprivation occurred under color of state law. See Lugar, 457 U.S. at 931. In addition, in order to sustain a claim against an individual pursuant to § 1983, a plaintiff's burden is to show that the individual had "personal involvement in the alleged wrongs...Personal involvement can be shown through allegations of personal direction or of actual personal knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Therefore, every defendant against whom a suit is brought must be shown to have been involved in the complained of conduct. Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976). Furthermore, liability under § 1983 cannot be premised upon the theory of *respondeat superior* in any conduct. Parratt v. Taylor, 451

U.S. 527, 537 n.3 (1981)(overruled on other grounds).

Plaintiff has utterly failed to demonstrate the requisite personal involvement by any of the named Defendants in the alleged wrongs, evidenced in part by his failure to assert specific allegations against individual named Defendants in the body of the Amended Complaint.  Accordingly, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983 and shall be dismissed.

Plaintiff also attempts to assert a claim pursuant to 42 U.S.C. § 1985; however, because Plaintiff has failed to assert a claim pursuant to 42 U.S.C. § 1983 upon which relief can be granted, he has, by definition, failed to assert a claim pursuant to 42 U.S.C. § 1985 upon which relief can be granted.  McHenry v. Pa. State System of Higher Education, 50 F.Supp. 401, 418-19 (E.D. Pa. 1999).

As the Commonwealth Defendants point out, § 1985 provides a cause of action for a civil rights plaintiff where: "(1) two or more persons conspire to deprive any person of equal protection of the law; (2) one or more of the conspirators performs or causes to be performed any overt act in furtherance of the conspiracy; and (3) that over act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States." Barnes Found. v. Twp. of Lower Merion, 242 F.3d 151, 162 (3d Cir. 2001).

However, a claim brought pursuant to this section also "requires a clear showing of invidious, purposeful and intentional discrimination between classes or individuals." Robinson v. McCorkle, 462 F.2d 111, 113 (3d Cir. 1972).  Stated another way, there must be "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions."  Carpenters v. Scott, 463 U.S. 825, 834 (1983)(quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).

Plaintiff has failed to assert a claim pursuant to § 1983 upon which relief can be granted, as previously explained, and we are in agreement with the Commonwealth Defendant's assertion that Plaintiff's Amended Complaint contains no allegation of any racial or otherwise class based animus as a motivation for the conspiracy he alleges.  Therefore, as Plaintiff's Amended Complaint fails to state a claim pursuant to § 1985 upon which relief can be granted, Plaintiff's § 1985 claim shall be dismissed.

Section 1986 allows a cause of action against the party who had knowledge of § 1985 conspiracy, had the power to prevent it, and then failed to do so.  Boykin v. Bloomsburg Univ. of Pa., 893 F.Supp. 409, 418 (M.D. Pa. 1995).  Therefore, transgressions of § 1986 by definition depend upon a preexisting violation of § 1985.  Boykin, 893 F.Supp. at 18 (citing Rogin v. Bensalem Twp., 616 F.2d 680, 696 (3d Cir. 1980), *cert. denied*, 450 U.S. 1029 (1981).  Since Plaintiff failed to

state a claim pursuant to § 1985 upon which relief can be granted, his claim brought pursuant to § 1986 shall be dismissed.

### D. Claim Brought Pursuant to 42 U.S.C. § 1988

Finally, Thomas attempts to assert a separate claim pursuant to 42 U.S.C. § 1988; however § 1988 concerns the award of attorney fees to prevailing parties in civil rights actions. As Thomas is a *pro se* Plaintiff before this Court, he clearly cannot recover attorney's fees. Consequently, Plaintiff's Amended Complaint fails to state a claim pursuant to § 1988 upon which relief can be granted and Plaintiff's § 1988 claim shall be dismissed.

### E. Precautionary Motion to Dismiss and, in the Alternative, for Judgment on the Pleadings and Second Precautionary Motion

At this juncture, we note that we also have before us a Precautionary Motion to Dismiss, and, in the Alternative, for Judgment on the Pleadings (doc. 17) filed by Mark Fetzko ("Fetzko") ("First Precautionary Motion") on August 13, 2004, as well as a Second Precautionary Motion to Dismiss and Motion for Attorney's Fees, Costs, and Further Relief (doc. 25) ("Second Precautionary Motion") filed by Fetzko on October 4, 2004.

In the First Precautionary Motion, Fetzko states that on or about July 24, 2004, he returned to his residence and found a copy of a document purporting to a

"Complaint & Claim" in the above-captioned matter at his front door.  (See Rec. Doc. 17 at ¶ 1).  Fetzko asserts that because Thomas has previously subjected Fetzko to litigation in the Commonwealth Court which litigation has been dismissed, as well as litigation elsewhere, he believes that Thomas may attempt to represent that he has "served" Fetzko and thereby obtained jurisdiction over him.  Fetzko therefore argues that Thomas has not effectuated service on him and that the "Complaint & Claim" he received must be dismissed based upon a lack of jurisdiction over his person.  Id. at ¶¶ 4-6.  Alternatively, Fetzko contends that the "Complaint & Claim" contains no allegations against him and consequently sets forth no cause of action against him.  Id. at ¶¶ 7-8.

In his Second Precautionary Motion, Fetzko asserts that approximately a month after filing the afore-mentioned First Precautionary Motion, on or about September 14, 2004, Fetzko received at his residence via U.S. mail a counterpart of the "Complaint & Claim," which had previously been left at his front door.  (See Rec. Doc. 25 at ¶ 2).  Fetzko argues in the Second Precautionary Motion, as he did in the first one, that service was not properly effectuated and again requests that the "Complaint & Claim" be dismissed based upon a lack of jurisdiction over his person or dismissed as no claim has been set forth upon which relief may be granted.

Initially, we note that neither Plaintiff's Complaint nor his Amended Complaint included Fetzko as a named Defendant in the caption, nor are there any factual allegations asserted against him within the body of the complaints.  Although Fetzko's name was included in the caption of an action brought by Plaintiff docketed at 3:CV-04-1375, and consolidated into the case sub judice, 3:CV-04-1137, by Chief Judge Vanaskie's July 13, 2004 Order, Plaintiff's Amended Complaint, filed several months subsequent to the consolidation, fails to state Fetzko's name in the caption or in the body of the complaint.  As Plaintiff's Amended Complaint completely fails to assert any claim(s) against Fetzo, Plaintiff's claim(s) against Fetzko shall be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule 12(b)(6).[3]

**NOW, THEREFORE, IT IS ORDERED THAT:**

    1.    Plaintiff's Motion to Amend the Complaint (doc. 29) is GRANTED.

    2.    Plaintiff's Amended Complaint is dismissed with prejudice.

    3.    The Motion to Dismiss Plaintiff's Complaint filed by Defendants

---

[3] By dismissing Plaintiff's claim(s) against Fetzko pursuant to Federal Rule 12(b)(6), we are in no way asserting that Plaintiff properly effectuated service upon Fetzko.  We need not reach the issue of proper service in this case as there is an alternate basis upon which to dismiss the Amended Complaint.  Moreover, to the extent that Fetzko argues that should Plaintiff in the future improperly serve the "Complaint & Claim," or other documents purporting to be process, he requests relief in the form of attorney's fees and costs, we need not reach that issue as it relates to future potential service issues.

       Honorable Robert J. Conway, District Justice Carl W. Smith, Jr., District Justice Patricia Robinson, Judicial Conduct Board, Administrative Office of Pennsylvania Courts and the Disciplinary Board of the Supreme Court (doc. 12) is GRANTED.

4.     The Motion of the Commonwealth Defendants to Dismiss the Complaint (doc. 10) is GRANTED.

5.     The Motion to Dismiss the Complaint filed by Defendants Wyoming County, Wyoming County Commissioners, and Paulette Burnside (doc. 24) is GRANTED.

6.     The Motion of Pennsylvania Counties Risk Pool Insurance to Dismiss Plaintiff's Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(5), 12(b)(2), and 12(b)(6) or, in the alternative, a Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e) (doc. 21) is GRANTED.

7.     The Motion to Dismiss the Complaint filed by Defendant Wayne County (doc. 11) is GRANTED.

8.     The Precautionary Motion to Dismiss, and, in the alternative, for Judgment on the Pleadings (doc. 17) is granted in part and denied in part to the following extent:

    a.    The Motion is granted to the extent that Plaintiff's Amended Complaint is dismissed with prejudice.

    b.    The Motion is denied in all other respects.

9. The Second Precautionary Motion of Mark Fetzko to Dismiss and Motion for Attorney's Fees, Costs, and Further Relief (doc. 25) is granted in part and denied in part to the following extent:

    a.    The Motion is granted to the extent that Plaintiff's Amended Complaint is dismissed with prejudice.

    b.    The Motion is denied in all other respects.

10. Plaintiff's Motion to Vacate Void Orders, Motion for Bill of Particulars and Motion for Change of Venue (doc. 30) is DENIED as moot.

11. Plaintiff's Motion to Quash Defendants' Motions and Motion to Vacate Chief Judge Vanaskie's orders (doc. 23) is DENIED as moot.

12. The Clerk shall close the file on this case.

                                              s/ John E. Jones III
                                              John E. Jones III
                                              United States District Judge